William M. Perry, J.
The third-party defendants, Frank and Julia Romani move to set aside the judgment entered against them on the basis that this court lacks subject matter jurisdiction, in .that the District Court does not have jurisdiction over a claim in the amount of $9,234.50.
The facts are as follows: The defendant Persichilli Homes, Inc. had heretofore agreed with one Romani to build a home on *307 the Romani’s property. A rider to the agreement provided that any dispute which might arise between the parties would be settled by arbitration of a disinterested person appointed by each party. In the course of events Persichilli hired Rico Tile Company, Inc. as a subcontractor to do certain work in pursuance of the original contract. Subsequently, Romani failed' to make final payment in accordance with the contract, and Persichilli obtained a mechanic’s lien in the amount of $9,234.50 against the property of Romani. Thereafter Rico Tile Co., Inc. who up to this point had not been paid, brought an action in this court against Persichilli Homes in the amount of $807.60. In the meantime the dispute between Persichilli and Romani went to arbitration. The two appointed arbitrators agreed upon an allowance to Romani of $4,436. Romani then claimed that the arbitrators could not agree and requested that a third arbitrator be appointed in the Rico action. Finally, all parties' and arbitrators met and agreed that an allowance of $4,516 be made to Romani, and upon consent of all the parties judgments were entered in favor of Rico against Persichilli in the amount of $1,028.24, judgment over in favor of Persichilli against Romani in the same sum, and judgment in favor of Persichilli against Romani in the sum of 5,629.36.
This court, after a thorough reading of third-party defendant’s contentions finds it to be apparent that petitioner’s claim is erroneous and is merely another effort to delay the payment of the judgment.
One of the purposes of arbitration is to provide a remedy which is alternative to court proceedings and which is not limited by many of the procedural limitations inherent or acquired in the judicial process. (Matter of Staklinski [Pyramid Elec. Co. ], 6 A D 2d 565, affd. 6 N Y 2d 159.) Where parties agree to submit to arbitration, it is the duty of the court generally to enforce the agreement, and not to undertake itself to settle the dispute or narrow the field of arbitrable disputes. (Hammerstein v. Shubert, 127 N. Y. S. 2d 249.) It distorts the purposes of arbitration for courts to censor the issues which arbitrators may consider before the courts will permit an arbitration to proceed. (Matter of Spectrum Fabrics Corp. [Main St. Fashions], 285 App. Div. 710.) However, a party is not to be compelled to surrender his right to resort to the courts, unless he has made a valid agreement so to do, since arbitration depends for its existence, as well as its jurisdiction, upon the voluntary agreements of the parties, limited only by express provisions of law. (22 Carmody-Wait 2d, New York Practice, | 141:8.) A study of the facts in this case indicates the fraud *308 which defendant Romani is attempting to perpetrate npon this court. Each motion and every bit of strategy used by Romani has been a carefully planned and premeditated attempt to delay final determination of the issues. First the case was adjourned at the request of the third-party defendant on several occasions. Later defendant Romani not only consented to arbitration but actually suggested it. Thereafter a motion was made for a third arbitrator by the Romanis. Now we have this motion to vacate the judgment for lack of subject matter jurisdiction. The chain of events shows a scheme of dilatory tactics with no showing of good faith. Defendant Romani has indicated by his actions that he will take any action whether procedurally correct or not in order to delay or completely avoid his legal obligation. He agreed to a final determination by arbitration. He consented to the jurisdiction of the court, he consented to the jurisdiction of the arbitrators and he consented to the entry of judgment. How can he now claim that the court lacks jurisdiction? The only action that this court ever took jurisdiction over was the claim of Rico Tile against Persichilli for $807 and the third-party action by Persichilli against Romani for that amount. As far as the Persichilli claim for $9,243.50 against Romani upon which a mechanic’s lien was obtained, is1 concerned, this was an independent claim which was to be submitted to arbitration by agreement. The arbitrators in the Persichilli claim against Romani agreed that Romani should receive a credit of $4,436. Subsequently, third-party defendant Romani moved for the appointment of a third arbitrator to handle the Rico claim and a stay of the trial. When the determination of the arbitrators finally came back to this court, the decisions were confirmed and1 judgment was entered thereon. This was proper for an award pursuant to arbitration for $6,000 or less may be confirmed by the District Court and judgment entered on it. (Practice Commentary to N. Y. Civ. Ct. Act, § 206 [McKinney’s Cons. Laws of N. Y. 'Book 29A].) The court here never exceeded its1 jurisdiction, as there was never an action pending here which was over the $6,000' limit. In the District Courts, where a controversy has been duly arbitrated, and an award made therein is for relief which is within the court’s jurisdiction, such court shall have jurisdiction of proceedings to confirm, vacate, or modify the award and to enter judgment thereon (UDCA, § 206; 23 Carmody-Wait 2d, New York Practice, § 141:179-.) Thus, for example, if an award is for $6,000 or less, proceedings to confirm, vacate or modify it may be brought in the District Courts, and judgment entered thereon (23 Carmody-Wait 2d, supra; Practice Commentary to N. Y. *309 Civ. Ct. Act, § 206). The facts in this case substantially conform to the example set forth above. The award for which judgment was entered in this court was well within the monetary limit of this court. The action brought in this court which ultimately also went to arbitration was also within the subject matter jurisdiction of this court.
In summary therefore, I find that third-party defendant has delayed the course of this proceeding from its commencement and has engaged in a series of dilatory tactics without a showing of good faith. It is worth noting that the award due to the court appointed arbitrator has not yet been paid by the third-party defendant, although the defendant and third-party plaintiff made their’s pursuant to the agreement, promptly.
Accordingly, third-party defendants’ motion is denied in its entirety and the cost for defending this application is awarded to the third-party plaintiff.